**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4375

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MIGUEL ANGEL MEDRANO-RAMOS, a/k/a Miguel A. Medrano-Ramos, a/k/a Miguel Medrano-Ramos, a/k/a Miguel Angel Ramos, a/k/a Miguel T. Medrano, a/k/a Miguel Hector Medrano, a/k/a Miguel Medrano,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:20-cr-00297-LCB-1)

Submitted:  March 21, 2023                    Decided:  March 23, 2023

Before WYNN and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Todd A. Smith, SMITH GILES PLLC, Graham, North Carolina, for Appellant.  Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2021, a panel of this court affirmed Miguel Angel Medrano-Ramos' conviction for illegal reentry but vacated his sentence based on the district court's failure to orally pronounce each of the discretionary conditions of supervised release. *United States v. Medrano-Ramos*, No. 21-4097, 2021 WL 4704775, at *1-2 (4th Cir. Oct. 8, 2021). Medrano-Ramos now appeals from the sentence imposed on remand. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the procedural and substantive reasonableness of the sentence. Medrano-Ramos has filed a pro se supplemental brief, arguing that his sentence is too long and was motivated by racial animus. He also claims that the court did not consider his health conditions. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Id.* at 51.

We conclude that the district court properly calculated the Guidelines range, addressed defense counsel's arguments, allowed Medrano-Ramos to address the court, and

2

considered the § 3553(a) factors in arriving at a downward variance sentence. Furthermore, nothing in the record rebuts the presumption of substantive reasonableness accorded Medrano-Ramos' below-Guidelines sentence. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Finally, with regard to the arguments raised in the pro se brief, we detect no trace of racial animus in the court's decision, nor do we find that the court overlooked any argument related to Medrano-Ramos' health.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Medrano-Ramos' sentence. This court requires that counsel inform Medrano-Ramos, in writing, of the right to petition the Supreme Court of the United States for further review. If Medrano-Ramos requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Medrano-Ramos.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3